

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Sam L. Harrison
Prosecuting Attorney
Robertson County
Franklin, Texas

Dear Sir:

Opinion No. O-5822
Re: Salary of the Deputy
Sheriff of Robertson
County.

Your letter of January 20, 1944, requesting the
opinion of this department regarding the salary of the Deputy
Sheriff of Robertson County, reads, in part, as follows:

"Some time ago the Deputy Sheriff here con-
sulted me with relevance to getting his salary
raised and I of course directed him to go before
the Commissioners court and lay his plan before
them and he did that. I figured that under art.
3902, Sec. 2, that they could if they so desired,
raise the salary in question and after they met,
they did not raise the salary due to art. 3912f-3,
under which art. applies to counties having no
district atty. In Robertson Co. the prosecuting
atty is called County Atty. and does the work of
a district atty. Back a number of years the of-
fice of D. A. was abolished and the duties of that
officer were placed upon the office of County atty
and have been that way since. We have no Co. Court
here, save and except Comm. court, probate court,
and etc. The question being, 'Can the Commissioners
Court raise the salary of the deputy sheriff in
question as allowed under art. 3902 or is it prohi-
bited from so doing under art 3912f-3?' The popula-
tion of Robertson, 1940, being 25710. Please let me
have your opinion on the above question at your
earliest convenience. * * *"

As stated in your letter, Robertson County has a
population of 25,710 inhabitants according to the 1940 Federal
Census.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 3912f-3, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"Section 1. In all counties in the State of Texas having a population of not less than (25,600) twenty-five thousand six hundred and not more than twenty-five thousand eight hundred and eighty-nine (25,889), according to the last Federal Census, in which there are no district attorneys, the commissioners' court of said county shall, from and after the effective date of this Act, compensate the sheriffs of such counties upon an annual salary basis and shall fix the salaries of such sheriffs in such counties at not less than thirty-three hundred ($3300.00) dollars and not more than thirty-six hundred ($3600.00) dollars per annum, payable in twelve (12) equal monthly installments, out of the Officers' Salary Fund of such counties by warrant drawn upon said fund.

"Sec. 2. The sheriffs of such counties are hereby authorized and empowered to appoint at least one deputy sheriff and one special deputy sheriff; the powers and duties of the special deputy shall be the same as those of other deputy sheriffs and, in addition, a special deputy shall be to assist such sheriffs in all matters arising in and connected with the official conduct of said office, including the finger printing, photography work, and investigation work of said office. The commissioners' courts of such counties shall, from and after the effective date of this Act, compensate such deputy sheriffs and such special deputy sheriffs upon an annual salary basis and shall fix the salaries of such special deputy sheriffs at not exceeding one thousand two hundred ($1200.00) dollars per annum, payable in twelve (12) equal monthly installments out of the Officers' Salary Fund of such counties, by warrant drawn upon said fund by the commissioners' court. The compensation of the deputy sheriff shall likewise be fixed at an annual salary not exceeding one thousand ($1000.00) dollars, payable in twelve (12) equal monthly installments in like manner as provided for the payment of the salaries of special deputy sheriffs, hereinabove set out;"

Robertson County has a population coming within the population bracket mentioned in the foregoing statute. Said statute is applicable to Robertson County, however, a serious question as to the constitutionality of said statute is presented. Heretofore this department has carefully considered many statutes similar to Article 3912f-3, Vernon's Annotated Civil Statutes, and has held such statutes unconstitutional as such statutes contravene the provisions of Section 56, Article 3 of the State Constitution.

Section 56, Article 3 of the State Constitution provides, in part, as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special laws, authorizing:

"Regulating the affairs of counties, cities, towns, wards or school districts;

"* * *

"Creating offices, or prescribing the powers and duties of officers, in counties, cities, towns, election or school district;

" * * *"

It is clear that the law under consideration (Article 3912f-3) regulates the affairs of the counties to which it applies and prescribes the powers and duties of officers. Is it a general law, or is it special and local in violation of the provisions of Article 3, Section 56?

As stated in our Opinion No. 0-2221:

"* * *A law which applies only to a part of a natural class of persons or things must predicate its inclusion of the parts and exclusion of the balance upon characteristics peculiar to the part, which, considering the objects and purposes of the law, afford reasonable ground for restricting the application of the law to the part. Classification must be reasonable and natural, not arbitrary and capricious. Arbitrary designation is not classification. The vice of local or special law is that they rest on arbitrary designation; that they

do not embrace and effect all the class to which
they are naturally related.  25 R.C.L., pp. 815-
816; 12 Am. Jur. p. 146; Smith v. State, (Ct. Crim.
App.) 49 S. W. (2d) 739; Randolph v. State (Ct.
Crim. App.) 36 S. W. (2d) 484; Clark v. Finley,
93 Tex. 151, 54 S. W. 343; City of Fort Worth v.
Bobbitt, 121 Tex. 14, 36 S. W. 470, 41 S. W. (2d)
228; Bexar County v. Tynan, 128 Tex. 223, 97 S.
W. (2d) 467.

"Because population as a basis for classifica-
tion has been sustained by the courts in respect
to legislation on certain subjects, it has been as-
sumed, erroneously, that population brackets will
serve in all instances to avoid the condemnation
of the Constitution.  This mistaken assumption pro-
ceeds from a failure to note that population has
been sustained as a basis for classification only
in those instances where it bore a reasonable re-
lation to the objects and purposes of the law and
was founded upon a rational difference in the neces-
sities or conditions of the groups subjected to dif-
ferent laws.  Where it has been determined that,
considering the objects and purposes of the law,
differences in population afford no rational basis
for discriminating between groups of the same natural
class, classification on the basis of population has
been termed arbitrary selection, and the law has been
held to be special and local.  Randolph v. State,
supra."

Section 56, Article 3 of the State Constitution also
provides, in effect, that the Legislature shall not pass any local
or special laws where a general law can be made applicable except
special laws for the preservation of game and fish of this State
in certain localities.

Article 3902, Vernon's Annotated Civil Statutes, is
a general law regarding the compensation payable to deputies
of the various officers mentioned therein.  Said statute is
applicable to Robertson County.

After carefully considering Article 3912f-3, supra, in connection with the foregoing authorities and the case of Miller, et al, v. El Paso County, 150 S. W. (2d) 1000, and the authorities cited therein, it is our opinion that said article (3912f-3) contravenes the provisions of Section 56, Article 3 of the State Constitution and is, therefore, unconstitutional and void.

Article 3902, Vernon's Annotated Civil Statutes, provides, in part:

"The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one not to exceed the following amounts:

"2. In counties having a population of twenty-five thousand and one (25,001) and not more than thirty-seven thousand five hundred (37,500), inhabitants, first assistant or chief deputy not to exceed two thousand dollars($2,000.00) per annum; other assistants, deputies, or clerks not to exceed seventeen hundred dollars($1700.00) per annum each.* * *"

It is noted that you do not state in your letter what compensation the deputy sheriff is receiving at this time. It is further noted that you do not state that the deputy in question is a chief deputy or other deputy as mentioned in the statute.

The foregoing provision of Article 3902 (Sec. 2) is applicable to Robertson County as said county has a population of 25,710 inhabitants according to the 1940 Federal Census. The maximum annual salaries that the county commissioners' court can legally authorize for the chief deputy sheriff of said county is $2,000. The maximum salary for other deputy sheriffs cannot legally exceed $1700 each per annum. In fixing the annual salary of the chief deputy sheriff or other deputies, the commissioners' court is authorized to fix such salaries as they deem reasonable, not to exceed the maximum heretofore mentioned.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams
Ardell Williams
Assistant

APPROVED OPINION COMMITTEE
BY C.F.Y. JAN 28, 1944
CHAIRMAN

ATTORNEY GENERAL OF TEXAS

AW:EP